*In re* DOYLE'S APPLICATION FOR REINSTATEMENT IN
GRAND RAPIDS POLICE FORCE.

1. CONSTITUTIONAL LAW—DUE PROCESS—HEARING BY ADMINISTRA-
TIVE OFFICERS.

Due process of law requires that a hearing by administrative
officers, which is a quasi-judicial proceeding, be before a fair
and impartial tribunal.

2. MUNICIPAL CORPORATIONS—CIVIL SERVICE BOARD—QUALIFICATIONS
OF MEMBERS—ESTOPPEL.

Member of city civil service board who was a first cousin of
applicant for reinstatement to position as officer on city police
force and another member who was a client of applicant's
attorney were qualified to sit at hearing on petition for re-
instatement and where city attorney insisted that such mem-
bers sit, the city may not thereafter protest against such ac-
tion.

3. SAME—CIVIL SERVICE BOARD'S REPORT—SIGNATURES.

Report of a city civil service board that is signed by the board's
president and secretary is assumed to represent the majority
of the board where signatures to report show it was signed for
the board and not for the signers individually.

4. CERTIORARI—FINDINGS OF FACT—EVIDENCE.

On certiorari the Supreme Court may not review or determine
disputed questions of fact except to determine whether there
is competent evidence to support findings of fact by the tri-
bunal whose action is being reviewed.

5. MUNICIPAL CORPORATIONS—CIVIL SERVICE BOARD—FINDINGS OF
FACT—EVIDENCE.

Findings of fact by city civil service board as to charges made
by two witnesses against applicant for reinstatement as officer
of city police force *held*, supported by evidence in the record.

6. CERTIORARI—SCOPE OF REVIEW.

The office of the writ of certiorari is to review questions of law.

7. MUNICIPAL CORPORATIONS—CIVIL SERVICE BOARD—REINSTATEMENT
   ON POLICE FORCE—EVIDENCE.

   City civil service board's determination that police lieutenant's
     admission that he had used his car to drive an old acquaintance
     to district in city wherein houses of prostitution could be
     found did not constitute sufficient cause for lieutenant's dis-
     charge from the police force and ordering his reinstatement
     *held*, supported by evidence.

Appeal from Civil Service Board of the City of
Grand Rapids. Submitted June 13, 1945. (Docket
No. 76, Calendar No. 43,043.) Decided October 8,
1945. Rehearing denied December 3, 1945.

Leo M. Doyle filed application with Civil Service
Board of the City of Grand Rapids for reinstate-
ment as a lieutenant of police and back pay. Ap-
plication granted. City of Grand Rapids reviews
by appeal in nature of certiorari. Affirmed.

*Fred P. Geib,* for plaintiff.

*Ganson Taggart, Merle C. Baker* and *John F.
Livingston,* for City of Grand Rapids.

SHARPE, J. The City of Grand Rapids appeals in
the nature of certiorari from the findings of the
civil service board of the city of Grand Rapids
wherein said board had ordered the reinstatement
of Leo M. Doyle, a discharged lieutenant of police.

Leo M. Doyle was discharged from the Grand
Rapids police department in December, 1942, by the
then city manager, Peter A. Kammeraad. The na-
ture of the misconduct alleged to have occurred on
December 8, 1942, which resulted in Doyle's dis-
charge, appears in *Doyle* v. *Kammeraad,* 310 Mich.
233. The above action was for damages against the
city of Grand Rapids and certain public officers of
the city. We there said:

"The order dismissing the suit is affirmed, but it must be *without* prejudice to plaintiff's right to a hearing in accordance with the city charter as construed in the *Babcock Case* (*Babcock* v. *City of Grand Rapids,* 308 Mich. 412), and without prejudice to plaintiff's right, if any, to reinstatement, or for salary if it be found he was wrongfully discharged from his position."

On October 10, 1944, the civil service board amended Rule 18, § 2, of its rules and regulations to provide that hearing before it on appeals taken by discharged employees shall be *de novo;* that the finding of any department head, city manager, board or tribunal on the correctness of any charge shall not be admissible or be considered by it; and that when an appeal is filed with the board, the city manager shall file with the board duplicate copies of the original charges together with amendments thereto, a copy of which charges as amended shall be served by the board upon the employee and an opportunity given him to reply.

On October 23, 1944, the city manager, Walter Sack, pursuant to said amended rule served upon the civil service board duplicate copies of the original and amended charges. On the same day the secretary of the board mailed copies thereof to Doyle.

The amended charges, in addition to containing the alleged facts pertaining to the conduct of Schaab and Doyle on the night of December 8, 1942, referred to in the *Kammeraad Case, supra,* contained specific charges pertaining to Doyle kicking one Pearl Harris while fingerprinting her in September, 1941, and also charges by Ruth Sinz relative to Doyle making obscene remarks to her about her pregnant condition. On November 13, 1944, Doyle filed with the civil service board an answer to the

original and amended charges; and on the following day filed a motion to be reinstated and to vacate the charges against him.

A hearing *de novo* on the original and amended charges was had in January, 1945, before the civil service board. At the inception of the hearing, the right of Robert M. Doyle, a first cousin of Leo M. Doyle, and the right of John E. VandenBerg, a client of the attorney representing Leo M. Doyle, to sit as members of the civil service board was challenged.

On January 22, 1945, the civil service board issued the following written findings:

"(a)  *Pearl Harris*
This incident happened in 1941, over a year before the discharge was given out by Peter Kammeraad, the then city manager. At the time of this incident no drastic action was taken by the officials of the city or police department other than the conference Mr. Doyle had with his superiors. We therefore feel that this charge is not worthy of consideration.

"(b)  *Ruth Sinz*
In the Ruth Sinz testimony the fact was brought out that Ruth Sinz told her story to the higher authorities and again nothing was done to discharge Mr. Leo M. Doyle at that time and no charges placed against him. We are of the opinion that this charge cannot be used against Mr. Doyle at this time.

"(c)  *Joseph Schaab*
This charge was the crux of the issues and its proof rested on the point as to who was telling the truth. The incredible story and the fact that no investigation was ever made regarding it and the insufficiency of the evidence, leaves no other alternative other than to find it wanting in proof.  *  *  *

"*Conclusion:*
In summation, we must of necessity find the charges deficient in proof and lacking of any basis for discharge. It is our opinion that Leo M. Doyle be

reinstated to the position which he formerly held in the Grand Rapids police department, as of January 19, 1945, with back pay for time while not employed by any person.''

The city of Grand Rapids, upon leave being granted, appeals and urges:

''(1)    That Robert M. Doyle, being a first cousin of Leo M. Doyle, whose appeal was being heard, was disqualified to sit as, a member of the board hearing those charges because of that relationship and thereby made the board's action illegal and void.

''(2)    That John E. VandenBerg, being a past and present client of Fred P. Geib, the attorney for Leo M. Doyle, was disqualified, because of that professional relationship, to sit as a member of said board hearing the charges against Leo M. Doyle, and thereby made said board's action illegal and void.

''(3)    That the civil service board in voting to allow Messrs. Doyle and VandenBerg to sit, constituted itself an illegal, quasi-judicial body and thereby made its action null and void.

''(4)    That the findings of the civil service board failed to show whether it was the action of a majority of the board or only a part thereof and, therefore, its action was null and void.

''(5)    That the civil service board in its findings admitted that it did not consider the testimony in support of the Pearl Harris and Ruth Sinz charges, and in so doing failed to consider all the evidence and thereby acted arbitrarily, capriciously and committed reversible error.

''(6)    That the civil service board wholly failed and neglected to consider the admissions of Leo M. Doyle wherein he admitted taking Schaab down to a colored prostitute section for the purpose of 'being taken care of,' Doyle then being a lieutenant of police, the effect of such action on the police depart-

ment, the law-enforcing agency of this city, and on the general public, that such conduct was unbecoming a police officer sworn to uphold the law and that such admission of misconduct in and of itself warranted his dismissal as a matter of law, leaving the civil service board no discretion to reinstate him.

"(7) That this Court has the right and duty to hold that the action of the civil service board in reinstating Doyle was null and void because of the several foregoing reasons but because of the admissions of Doyle pertaining to his own misconduct, this Court should hold, as a matter of law, that such action warrants and demands his dismissal and should, therefore, set aside the findings of said board in reinstating Doyle and uphold the city manager in his dismissal of him."

We note that the civil service board was appointed by the city commission of Grand Rapids; and that its legal advisor was the city attorney. Before any testimony was taken, commissioner VandenBerg was asked the following question: "Do you believe and do you feel if you sit in this case as a member of the board that you could act fairly and impartially and pay no attention whatever to the fact that in some matters I (Leo M. Doyle's attorney) have been your attorney?" He answered: "I absolutely do." Commissioner Robert M. Doyle was asked: "And Mr. Doyle, do you feel you can sit in this case and be fair and impartial between these parties to the same extent and in the same way as though you were not related to Mr. Leo Doyle?" He answered: "I do." At the time set for hearing, the deputy city attorney advised the board that the hearing should not be started without a full board. Robert M. Doyle was called and the hearing proceeded.

We recognize that the rule of due process of law requires the hearing, which is a quasi-judicial pro-

ceeding conducted by administrative officers, be before a fair and impartial tribunal. The city of Grand Rapids has failed to point out where it was prejudiced by reason of the fact that Robert M. Doyle and VandenBerg sat as members of the board at the hearing. Moreover, a deputy city attorney insisted that these two commissioners attend the hearing. It is now too late to protest against the city attorney's own action.

In view of our determination that Doyle and VandenBerg were qualified to sit as members of the civil service board, it is not material to the issue involved in this case whether the action of the board was unanimous or by a majority vote thereof. The report of the board was signed by its president and secretary. In the absence of any showing, we must assume that such report, so signed, represented the voice of at least a majority of the board. The signatures of the president and the secretary of the board show that they signed for the board and not for themselves individually.

It is next urged that the decision of the board was arbitrary and capricious in that it failed to properly consider the evidence of Pearl Harris and Ruth Sinz. The board has offered its explanation for its action concerning the Harris and Sinz incidents. The charges made by Harris and Sinz were denied by Doyle. Citation of authority is unnecessary to support the rule that on certiorari we may not review questions of fact except to determine whether there is competent evidence to support such findings. There is evidence in the record to support the findings of fact concerning the charges made by these two witnesses.

It is also urged that Doyle's admitted conduct prevents his reinstatement as a matter of law. The substance of his admissions were that while off duty

he used his car to drive Schaab to a district in the city of Grand Rapids wherein there may be found houses of prostitution. The civil service board failed to find in these admissions sufficient cause for Doyle's discharge. It chose to find in such admissions only a good-natured acquiescence in a request to accommodate an old acquaintance upon a personal errand. The right to place this interpretation upon the admitted actions of Doyle rests solely with the civil service board. On certiorari we are not at liberty to determine disputed questions of fact, nor to review the weight of the evidence. The office of certiorari is to review questions of law. We are only concerned with the determination of whether or not there was substantial evidence to support the findings of the board. The action of reinstating Doyle to his former position in the police department is the act of the civil service board and of no other agency of government.

There being some substantial evidence to support the findings of fact by the civil service board, its action is affirmed, with costs to Leo M. Doyle.

STARR, C. J., and NORTH, BUTZEL, BUSHNELL, BOYLES, and REID, JJ., concurred. The late Justice WIEST took no part in the decision of this case.