VICULIN *v.* DEPARTMENT OF CIVIL SERVICE

ADMINISTRATIVE LAW—APPEAL AND ERROR—HEARING DE NOVO—
CIVIL SERVICE COMMISSION.

> Any attempt by a circuit court to have a hearing *de novo* to
> substitute its judgment for that of the Civil Service Com-
> mission in discharge of its administrative functions would
> be error.

Appeal from Ingham, Donald L. Reisig, J. Submitted Division 2 October 30, 1970, at Lansing. (Docket No. 7,827.) Decided October 26, 1970. Leave to appeal granted January 15, 1971. 384 Mich 798.

Donald Viculin appealed to the Civil Service Commission from his dismissal from employment with the Department of Education. Dismissal affirmed. Plaintiff appealed to Ingham circuit court. Affirmed. Plaintiff appeals. Affirmed.

*Newman & Mackay,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Wallace K. Sagendorph,* Assistant Attorney General, for defendant.

Before: QUINN, P. J., and V. J. BRENNAN and ZIEM,* JJ.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

REFERENCE FOR POINTS IN HEADNOTE
15 Am Jur 2d, Civil Service §§ 16, 48.

PER CURIAM.   Petitioner appeals from the decision of the Ingham County Circuit Court on February 13, 1969, affirming his dismissal from state employment through Civil Service Commission procedures.

At issue is petitioner's dismissal from employment by the Vocational Rehabilitation Division of the Department of Education on December 8, 1966, effective January 7, 1967, after petitioner had received two consecutive unsatisfactory service ratings.   In his December 8 rating, petitioner was apprised of the reasons for his dismissal.   Pursuant to Civil Service Commission rules, the Department of Education referred his appeal to the Civil Service Hearing Board.   A hearing before this board was held January 11, 1967, at which petitioner was represented by two attorneys.   On February 3, 1967, in substance, the hearing board upheld petitioner's dismissal because the evidence showed that his performance was inadequate over a considerable period of time; that he had received fair notice of his deficiencies, but had still not performed acceptably, and there would be no effective change in his performance if given a further period of probation.

Petitioner appealed to the Civil Service Commission.   A hearing was held on April 11, 1967, at which time the commission affirmed the finding of the hearing board and recommended that an effort be made to find petitioner other employment outside of the Vocational Rehabilitation Division.   On May 11, 1967, petitioner sought review in circuit court.   The court affirmed the decision of the commission.   On March 6, 1969, Viculin moved for a rehearing.   Additional argument was held, and on April 30, 1969, the court again affirmed Viculin's dismissal from state employment.

Petitioner alleges a failure by the commission to safeguard his procedural rights and other errors

during the course of his administrative and judicial proceedings. Our review of the record reveals compliance by the commission with all the requisites of due process before administrative tribunals established by the Supreme Court in *Hanson* v. *State Board of Registration* (1931), 253 Mich 601.

We also cannot agree that petitioner is entitled to a *de novo* trial in appeal to the circuit court. Any attempt by a circuit court to have a hearing *de novo* to substitute its judgment for that of the Civil Service Commission in discharge of its administrative functions would be error. *Bischoff* v. *County of Wayne* (1948), 320 Mich 376, 393.

Affirmed.