## Jesse Ganoe and another v. The Scow Jack Robinson.

*Water Craft Law: Jurisdiction: Supreme Court; Appeal Cases.* The jurisdiction given to this court under the water craft law, *L. 1864, p. 107*, in appeal cases, is none the less to be regarded as properly appellate, because it allows new testimony.

The allegation of the tonnage of a vessel in such proceedings is essential to jurisdiction.

*Heard and decided, May 8.*

Appeal from Ottawa Circuit.

This was a proceeding under the *Water Craft Law* (*Laws 1864, p. 107,*) against the scow Jack Robinson, for a certain claim for tonnage alleged to constitute a lien against said scow.

The claim was demurred to in the court below, but the demurrer was overruled, with leave to answer.

The defendant answered—and complainant filed his replication.

Judgment was rendered for complainant, and defendant appealed to this court.

When this case was called on for hearing, Mr. *Pond* for appellee, moved to dismiss the case for want of jurisdiction on the ground, that inasmuch as the statute contemplated a new hearing in this court, upon new evidence taken here, the jurisdiction was thereby made original, and not appellate, and a law granting to this court any but appellate jurisdiction was unconstitutional. But,

*Per Curiam.* The jurisdiction in these cases, is intended to resemble that formerly given in admiralty appeals to the United States Supreme Court, which is limited to ap-

pellate jurisdiction, and yet was once empowered under the statutes to hear new proofs in such cases. In our Circuit Court also, appeals are heard on new evidence when taken from probate and justice's courts, and this was a familiar practice when the constitution was adopted. We think the jurisdiction is properly to be regarded as appellate.

The case came on for hearing upon the merits, and it appeared that there was no evidence showing that the vessel sued, was over 10 tons burden.

The court held this to be a jurisdictional defect, and reversed the proceedings and dismissed the complaint.

*Holmes & Ballard*, and *A. Pond*, for complainant and appellee.

*Moore & Griffin*, and *H. C. Akeley*, for defendant and appellant.