## LAURA A. GOULD ET AL. EX'RS v. ELLA JACOBSON AND CHARLES JACOBSON.

*Watercraft—Statutory lien for supplies—Chattel mortgage—Replevin.*

1. The mortgagee of a vessel that is afterward libeled for supplies furnished in a home port and is sold by the Admiralty Court without obtaining jurisdiction, can bring replevin for it against the purchaser.

2. How. Stat. § 8236 provides that watercraft of above five tons burthen shall be subject to a lien for certain specified demands. *Held,* that a showing that a boat was five tons burthen was jurisdictional in a proceeding to establish such lien.

3. Jurisdiction is not to be presumed in the absence of facts in the record to establish it.

4. The lien, if any exists against a vessel, for supplies furnished in a home port is statutory, not maritime; but it can be enforced in the admiralty court, though the record must show that the vessel is of the class to which the statutory lien may attach.

5. The Admiralty Court, in a proceeding to enforce a lien against a vesssel, can obtain jurisdiction in rem only by its actual seizure by the marshal, notice thereof and notice by publication of the time when process shall be returned and the cause heard; and two weeks before such return such notice shall have been given at least twice. District Court Rules, 4, 9, 24.

6. A recital of due publication in a return by a marshal does not cure the want of it, where the facts are set forth in the return and show that the publication was insufficient.

7. A motion to set aside proceedings that are void for want of jurisdiction does not estop the moving party from objecting to their validity in a proceeding in which they are relied on by the opposite party.

Error to Saginaw. (Gage, J.) Oct. 15.—Oct. 28.

REPLEVIN. Defendants bring error. Affirmed.

*Tarsney & Weadock* for appellants. The legislature of any state has a right to pass laws giving liens on vessel property, and when a state has by its laws given such liens, admiralty courts can enforce them : Desty's Shipping § 87, n. 11; *The General Smith* 4 Wh. 444; *The Aurora* 1 Wh. 96; *Peyroux v. Howard* 7 Pet. 324; *New Jersey S. & Co. v. Merch. Bank* 6 How. 390; *The Lottawanna* 21 Wall. 558; *The Garland* 5 Fed. Rep. 924; *The Guiding Star* 18 Fed. Rep. 263–269; *The Champion,* Brown's Adm. 520; rafts of timber, dredges and scows, though never used in the transfer of passengers or freight nor furnished with motive power of their own, were vessels subject to maritime liens: *Muntz v. Raft* 15 Fed. Rep. 557; *The Hine v. Trevor* 4 Wall. 555; *The J. F. Warner* 22 Fed. Rep. 342; *The Alabama* 19 Fed. Rep. 544; *The General Cass* Brown's Adm. 334.

*Hanchett & Stark* for appellee. There is no maritime lien for supplies furnished in a home port, unless it is given by. the statute of the state in which the boat belongs and in which the supplies were furnished : *The Lottawanna* 21 Wall. 558; *The Monongahela &c. v. The Bob Connell* 9 Rep. 507; the home port is any place within the limits of the state to which the vessel belongs : *The General Smith* 4 Wheat. 443; *Ex parte Easton* 95 U. S. 75; the United States Courts are of limited jurisdiction, and in order that the boat be seized in admiralty under the state statute, the facts which would give the court jurisdiction to act under the statute must be alleged : *Ganoe v. Scow* 18 Mich. 456; Benedict's Adm. § 408; Fields' Fed. Courts §§ 56, 126; *Ex parte Smith* 94 U. S. 455; *Hornthall v. Collector* 9 Wall. 565; *Platt v. Stewart* 10 Mich. 260; Freeman on Judgments 116, 123; *Parmlee v. The Chas. Mears* 1 Newb. Adm. Rep. 197.

SHERWOOD, J. The action in this case is replevin to obtain possession of a steamboat called "Pickwick," upon which Amos Gould, in his life-time, held a chattel mortgage. The claim made by the plaintiff is that Amos Gould, before he died, sold the boat Pickwick to defendant Charles Jacobson, a resident of St. Clair county, Michigan, for $700, and took back a mortgage thereon for the entire purchase price. Jacob-

son made but one payment of interest. The mortgage was made March 3, 1882, and renewed each year by making the affidavit required for that purpose. At the time of bringing this suit the entire amount of the purchase price of the property, with interest from March 3, 1883, remained due and unpaid. The defendant Ella Jacobson, who is the wife of Charles Jacobson, the other defendant, claims to be the owner and entitled to the possession of the tug, and relies upon the following facts to support her title to the boat, and right to the possession thereof: That in the year 1883 the firm of Howell & Co., of Owosso, libeled the tug in the United States court in admiralty for the Eastern district of Michigan for material and labor furnished and performed upon the boat in April, 1882; that subsequent to the seizure of the tug under the admiralty proceedings, and in May, 1883, an order was made by the United States district court for the sale of the boat pendente lite, and that in pursuance of said order the marshal advertised and sold the Pickwick to Warren Bordwell and Michael Maher of East Saginaw, for $285, and that afterwards Ella Jacobson purchased the boat from them.

Counsel for Mrs. Jacobson, to sustain her defense upon the trial, offered in evidence a certified copy of the proceedings in the Admiralty Court, the transfer of the property by the marshal to Bordwell and Maher, and the bill of sale thereof to her by them. Objection was made to this testimony by plaintiff's counsel upon the grounds that the defendant never had any maritime lien upon the property, for the reason that the supplies, whatever they were, were furnished in a home port; that the United States court, being one of limited jurisdiction, in order to make a legal seizure in admiralty under the statute, the facts necessary to authorize the court to act under it must be alleged, and it is not sufficient to state that the plaintiffs have a lien by virtue of the law of the State, but the facts themselves must be set forth; that the circuit court of the United States never acquired jurisdiction over the boat and parties.

The circuit judge sustained the objection made by plain-

tiff's counsel, and directed a verdict for the plaintiff; to which ruling and direction defendants excepted. The defendants bring error.

The ruling of Judge Gage was correct, and must be sustained. It is not claimed that the court ever obtained any jurisdiction of the parties, and no question upon the plaintiff's evidence is raised as to their right to maintain their suit, unless they are cut off by the proceedings in rem attempted to be had against the Pickwick in the circuit court of the United States for the Eastern district of Michigan, in admiralty, commenced after the giving of the plaintiff's mortgage.

It was under these proceedings alone that defendant Ella Jacobson claimed to be in possession of the property by title superior to the mortgage lien of plaintiff. By How. Stat. § 8236 "Every water-craft of above five tons burthen, used, or intended to be used, in navigating the waters of this state, shall be subject to a lien thereon" for certain claims of a specified character, among which was that for which Howell & Co. attempted to libel the boat. There does not appear, in the libel proceedings offered in evidence, any allegation or statement that the boat was of "over five tons burthen." This averment was necessary. It was jurisdictional; as much so as the citizenship of the parties in an action at law, which, it is held, must appear in the declaration or record, to give jurisdiction. There can be no presumption in favor of jurisdiction, when the facts necessary to show it do not appear in the record. *Hornthall v. Collector* 9 Wall. 560; *Ex parte Smith* 94 U. S. 455; Benedict's Admiralty § 408; Betts' Pr. 16; *Platt v. Stewart* 10 Mich. 260; *Ganoe v. Scow etc.* 18 Mich. 456. It is the statutory lien which was attempted to be enforced by Howell & Co. against the boat in the admiralty proceedings. They had no maritime lien. The supplies were furnished in a home port. No lien exists in such cases except by statute, in the state where the boat belongs. In such cases the lien may be enforced in a court of admiralty. *The Lottawanna* 21 Wall. 558; *The Monongahela etc. v. The Bob Connell* 9 Reporter 507; *The Gen. Smith* 4 Wheat. 443; *Ex parte Easton* 95 U. S. 75. The record

from the United States circuit court does not disclose a state of facts making the statute applicable to the defendant's case. It does describe the boat in such manner as to bring it within the class to which the statutory lien applies.

The certified copy of the proceedings in the circuit court of the United States for the Eastern district of Michigan is all the evidence we have of the doings of that court in the case which resulted, as is claimed, in divesting the plaintiffs of their interest under the mortgage. Those proceedings were ex parte and in rem. The court could only obtain jurisdiction in rem through a valid seizure of the tug by the marshal. Cohen's Admiralty 322; *Miller v. U. S.* 11 Wall. 294; *The Rio Grande* 23 Wall. 463. The seizure must be actual, and General Admiralty Rule 9 requires further that the marshal shall give public notice thereof, and of the time assigned for the return of the process and the hearing of the cause in such newspaper within the district as the district court shall order. Rule 4 of Admiralty Rules of the district court of the United States for the districts of Michigan provides that the required notice shall be given and published twice a week at least fourteen days before the return-day of the process, unless a shorter time shall be allowed by special order. Rule 24 for the district courts requires the notice to be published in the *Detroit Post & Tribune*.

Under these three rules we have the notice provided which shall be given in order to give the court jurisdiction, and the record of the court must show that they have been complied with, or the court will not have jurisdiction.

The record of the proceedings shows that the writ to seize the boat was issued April 26, 1883, and made returnable the first Tuesday of June then next, which would be June 5th. The writ commanded the marshal to seize the boat, to give due notice, and to make return of his doings in the premises. *No return is made by the marshal.* On the back of the writ a blank for return is filled, without the signature of the marshal. This blank, as filled, states only the seizure, and makes no reference to the giving of any notice. It is not signed, and remains simply a blank. On the 5th day of June is an

entry on the record of the court reciting that it is the return-day of the process, "and on reading and filing proof of due publication of the notice of the filing and contents, and the hearing of said libel," etc., no one appearing, the libel is taken as confessed. There is no return or other evidence furnished by the marshal on the record of any notice having been given by him. The proof of publication is set out in the record, and consists of the affidavit of Fred. Kelly, which states that the notice setting out the same was published in the *Detroit Post & Tribune* on the 21st, 24th, 28th, and 31st days of May, 1883.

The second publication was on May 24th, which *is not fourteen days before the return-day of the process*, June 5th, but is only eleven days; hence the record shows that Rule 4, which requires *at least two publications* fourteen days before the return-day of the process, was not complied with, and the court acquired no jurisdiction. The recital in the record of the reading and filing the proof of due publication does not cure this defect, because the proof referred to is made a part of the record, and by this it is seen just what the publication was, and it shows that the court did not get jurisdiction. *Mickel v. Hicks* 27 Am. Rep. 161; *Sibley v. Waffle* 16 N. Y. 180, 187–190; *Galpin v. Page* 18 Wall. 366.

The tug was sold pendente lite, but it can make little difference what was done so long as the proceedings were ex parte and jurisdictionally defective.

Under no view that we have been able to take of the record offered in evidence from the Federal Court can we find the jurisdiction in the case sustained that was then attempted to be exercised, and we think the objection of plaintiff's counsel to its admission well taken.

The judgment at the circuit court must be affirmed.

We do not regard the plaintiff's motion to set aside the proceedings in the Federal court such an adjudication of the matter as to estop them from making the objection they did in this case.

The other Justices concurred.