KENNY *v.* VILLAGE OF NOVI.

1. STIPULATIONS—SUBSEQUENT INTERVENORS.

   A stipulation between original parties to a suit that plaintiffs, seeking to conduct a landfill operation on their property, had exhausted all their administrative remedies is conclusionary, and, where contrary to the fact, would not be binding upon intervenors who came into case after first decree had been entered and drew trial court's attention to fact that further proceedings before village council were in order in the premises.

2. SAME—CONCLUSION CONTRARY TO FACT—EXHAUSTION OF ADMINISTRATIVE REMEDY.

   A stipulation as to a fact not claimed in the pleadings, but only a conclusion not based upon alleged or other facts, that plaintiffs' administrative remedies had been exhausted, would not be binding upon a court, where the true facts in such connection were that such remedies had not theretofore been sought, hence, the stipulation did not bar subsequent action pursuant to direction of the Supreme Court on remand following appeal.

Appeal from Oakland; Holland (H. Russel), J. Submitted October 5, 1965. (Docket No. 9, Calendar No. 48,744). Decided April 5, 1966.

Bill by Daniel Kenny, Sylvia Kenny, Leo G. Russell, Margaret Russell, and Wayne Disposal, Inc., a Michigan corporation, against the Village of Novi, a municipal corporation, to invalidate regulatory ordinance or, alternatively, to secure for corporate plaintiff a license to operate sanitary landfill. De-

REFERENCES FOR POINTS IN HEADNOTES

[1, 2]  50 Am Jur, Stipulations §§ 9, 10.

cree for plaintiffs. Subsequent intervention by various property owners and Novi Protective Association. On rehearing amended decree entered without provision for retention of jurisdiction. Plaintiffs appeal. Defendant and intervenors cross-appeal. Remanded under court rule for further proceedings (367 Mich 75). On remand, court took testimony and entered judgment for defendant. Plaintiffs appeal. Affirmed.

*Wechsler & Starr* (*I. R. Starr,* of counsel), for plaintiffs.

*Bond & Dillon* (*Howard I. Bond,* of counsel), for defendant.

*Lampert & Fried* (*David M. Fried,* of counsel), for intervening defendants.

Dethmers, J. This matter, as now before us, represents the placenta of what was presented previously and considered in 367 Mich 75.

Up to that time, plaintiffs had made an application to defendant village for a license to conduct on their property a landfill operation. The village board of appeals disapproved the application. Without any succeeding proceedings before the village council, as provided for in the village ordinance, plaintiffs had brought this action in circuit court to compel issuance of the license or for an injunction restraining defendant from enforcing its ordinance or interfering with plaintiffs' desired landfill operation. The trial court had heard the matter and caused a decree to enter granting plaintiffs the desired relief. Thereafter owners of property adjacent to and near plaintiffs' land were permitted to intervene. In due course, the court caused its decree to be amended to provide that the matter be referred

to the village council with directions to proceed to consider and act upon plaintiffs' application for license in like manner as though the board of appeals had approved it. Shortly after such amendment of the decree plaintiffs took appeal therefrom to this Court. The corporate plaintiff then also made application to the village council and some months later it was denied. That about sums up the pertinent part of the procedural situation when this case was considered by this Court before.

Because there had been no consideration or determination by the trial court of the validity of the village council's denial of plaintiffs' application, this Court remanded the case to that court for further proceedings in order that the trial court might, upon additional testimony or stipulated additional facts, consider and determine the presented issues as possibly affected by post-appeal events. These included, of course, the village council's denial of plaintiffs' application, which had not yet occurred when the matter previously had been before the circuit court. This Court also directed that thereupon the complete record might be recertified to this Court for submission and determination of such questions as might then be made to appear.

The trial court proceeded to do as directed, permitted taking of additional testimony and entered a judgment, superseding the previous decree, upholding the validity of the village council's denial of plaintiffs' application. In effect, the appeal now before us is from the latter judgment.

In their latest presentation before us, as stated in their last brief, plaintiffs raise technical, procedural questions, but say that if we find against them in those respects, they are entitled to be defeated on the merits in this appeal because on the final record before the trial court there was ample support for its finding that the village council's denial of the

application was valid. What, then, are plaintiffs' objections to the trial court's final judgment? They may be gleaned from the statement in their brief of what they deem to be the questions involved, as follows:

"1. Were the intervenors, who came in after entry of the decree, properly permitted to renounce the stipulation of the original and principal parties, that all administrative remedies had been exhausted?

"2. Did the Supreme Court remand the case to the trial court for a rehearing?

"3. Did the Novi village council have the authority to consider plaintiffs' application to operate the landfill without regard to the previous findings and decree of the court?"

The point of the first question apparently is (1) that before the intervention the original parties had agreed that plaintiffs had exhausted their legal remedies, (2) that intervenors were allowed to come in "but in subordination to and in recognition of the principal litigation and the rights of the original parties", (3) that intervenors called the trial court's attention to the lack of any action in the premises by the village council, whereupon the court amended its first decree to provide for reference to the village council for its consideration of and action upon plaintiffs' application. This, say plaintiffs, defeated the stipulation. There had been no claims in the pleadings or otherwise that council action had ever been sought by plaintiffs or that it had occurred. The mentioned stipulation did not express an ultimate fact of council action, but only a conclusion, not based on alleged or other facts, that plaintiffs' administrative remedies had been exhausted. Upon discovery of the true facts in this connection the court was not bound by the conclusionary stipulation or by the ordinary restrictions on intervenors,

regardless of the source of its discovered information, to decline to give effect to the ordinance requirement for council action.

As for the latter two questions, regardless of whether the final hearing before the trial court be termed a rehearing or whatever, and despite what the trial court may have found by its first decree and the claim by plaintiffs that it should have been considered to have a *res judicata,* binding effect on the village council's subsequent hearing and determination, the fact remains that the trial court did just exactly what this Court directed it to do procedurally, and the village council, likewise, proceeded to perform the action which it was directed to do by the trial court.

Under the circumstances, we discern no procedural defects so fatal in character as to justify our upsetting what plaintiffs, in effect, concede to be the trial court's correct decision on the merits of the case.

Affirmed.   Costs to defendant.

T. M. KAVANAGH, C. J., and KELLY, BLACK, SOURIS, SMITH, O'HARA, and ADAMS, JJ., concurred.