VILLA v FRASER CIVIL SERVICE COMMISSION

1. ADMINISTRATIVE LAW—APPEAL—UNTIMELY APPEAL—MUNICIPAL AGENCIES.

Court rules provide that when an appeal is taken to the circuit court from any state board, commission or agency, the appeal shall be governed by the court rules which allow an untimely appeal, but the rules do not provide for the application of such provisions to appeals from municipal agencies (MCLA 600.613; GCR 1963, 701, 702, 706.1).

2. ADMINISTRATIVE LAW—APPEAL—DELAYED APPEAL—COURT RULES—MUNICIPAL AGENCIES.

Both the Michigan Constitution and state statutes provide that parties shall have the substantive right to appeal from municipal civil service agencies to the circuit court, and where the law provides the right to such appeal, it should also provide the procedure; therefore a failure by the drafters of the court rules to provide explicitly for appeals from municipal agencies does not preclude application of the delayed appeal provisions of the court rules to appeals from those agencies.

3. COURTS—APPEAL—MUNICIPAL AGENCIES.

All civil practice in the circuit courts is governed by the general court rules; the rules must govern every allowable civil appeal to the circuit court, including appeals from municipal agencies.

4. COURTS—APPEAL—DELAYED APPEAL—LACK OF DILIGENCE

Allowance of a delayed appeal is a matter of the trial court's discretion, and a movant must show that the delay did not result from his lack of diligence.

Appeal from Macomb, Alton H. Noe, J. Submitted Division 2 June 5, 1974, at Detroit. (Docket No. 18175.) Decided January 27, 1975.

Louis Villa appealed to the circuit court from

REFERENCE FOR POINTS IN HEADNOTES
[1–4] 2 Am Jur 2d, Administrative Law §§ 539–552.

his dismissal as a Fraser city police officer by the Fraser Civil Service Commission. Dismissal affirmed. Plaintiff appeals. Affirmed.

*Thomas Guastello,* for plaintiff on appeal.

*Roy W. Rogensues,* for defendant on appeal.

Before: LESINSKI, C. J., and BRONSON and VAN VALKENBURG,* JJ.

LESINSKI, C. J. Plaintiff, Louis Villa, appeals from a ruling of the Macomb County Circuit Court which granted an accelerated judgment against him. The judgment was based on the court's finding that plaintiff had exceeded his statutory time limit for filing an appeal. We affirm.

Because the timing of plaintiff's appeal is crucial here, we will detail the chronology of the case. On October 2, 1972, plaintiff, then a Fraser city police officer, was charged by the defendant commission with official misconduct and with violation of police regulations. A hearing was held before the commission on November 8, 1972. On November 10, 1972, plaintiff was notified by the commission that he had been found guilty of the charges and had been dismissed from the police force. Plaintiff did not request a rehearing from the commission until March 14, 1973. The commission denied plaintiff's request on April 12, 1973.

On June 14, 1973—seven months after plaintiff's dismissal from the force and two months after the commission denied his request for a rehearing—plaintiff filed an appeal in Macomb County Circuit Court. Plaintiff asked that the court order the commission to rehear his case. He based his mo-

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

tion on evidence he had allegedly obtained subsequent to his dismissal. Defendant moved for an accelerated judgment based on expiration of time for appeal. The circuit court granted defendant's motion for accelerated judgment, finding that plaintiff had not filed his appeal within the statutory time limit, 90 days from the commission's final judgment. The 90-day time limit is mandated by MCLA 38.514; MSA 5.3364 which states in relevant part:

"In event that the civil service commission shall sustain the action of the removing officer, the person removed shall have an immediate right of appeal to the circuit court of the county wherein the city, village or municipality is situated. Said appeal shall be taken *within 90 days* from the *entry* from the civil service commission of its *final order."* (Emphasis supplied.)

On appeal, plaintiff raises one claim which merits discussion. He contends that the trial court should have treated his untimely petition for appeal as a motion for delayed appeal. Plaintiff contends that the court should then have used the discretion granted it by GCR 1963, 702.1(4), which gives a circuit court the ability to accept an untimely appeal, and should have denied defendant's motion for accelerated judgment and heard plaintiff's appeal. As sole authority for his claim, plaintiff cites the case of *Viculin v Department of Civil Service,* 386 Mich 375; 192 NW2d 449 (1971). Plaintiff in *Viculin* was appealing a determination of the Michigan Civil Service Commission. His appeal was also not within the statutory limit. The trial court in *Viculin,* however, did not dismiss the case. On appeal, the Supreme Court held that, regardless of the fact that plaintiff had filed an untimely appeal and had not filed a motion for delayed appeal, the trial court did not commit

error in taking jurisdiction of the case. The court stated that plaintiff's untimely appeal was vitiated by the "liberal provisions of GCR 1963, 702.1 for delayed appeal", by defendant's failure to object and by the "abundant confusion" which at that time "surrounded the appeal process from civil service determinations". *Id* at 386; 192 NW2d at 460.

Defendant here answers plaintiff's argument with two contentions. First, defendant argues that *Viculin* is inapplicable to the instant case because *Viculin* applies only to appeals from state agencies, not from municipal agencies. Second, because *Viculin* is not applicable to municipal agencies, defendant argues, the liberal provisions of GCR 1963, 702.1(4) for delayed appeals are also inapplicable to appeals from municipal agencies.

We agree only with defendant's first contention. We agree that *Viculin* is inapplicable to the instant case. *Viculin* applied GCR 1963, 706.1. That rule states that "when an appeal is taken to the circuit court pursuant to RJA § 631, the appeal shall be governed by rules 701 and 702". Thus, where an appeal is taken pursuant to RJA § 631, the provisions of rule 702.1(4) for delayed appeal are available. By its terms, RJA § 631 applies to "any *state* board, commission or agency, authorized under the laws of this state to promulgate rules and regulations". (Emphasis supplied.) MCLA 600.631; MSA 27A.631. The Fraser Civil Service Commission is not a state agency but a municipal commission created under 1935 PA 78; MCLA 38.501, *et seq.;* MSA 5.3351, *et seq.* We find that the express provision for state agencies in RJA § 631 excludes an implied application of that section to municipal agencies. This Court has held that the terms of the state administrative proce-

dures act do not apply to municipal agencies, *Detroit v General Foods Corp,* 39 Mich App 180; 197 NW2d 315 (1972), *Righter v Adrian Civil Service Comm,* 1 Mich App 468; 136 NW2d 718; *lv den,* 337 Mich 686 (1965). *Cf. Lewis v Grand Rapids,* 356 F2d 276 (CA 6, 1966), Gilman, *Administrative Law,* 13 Wayne L Rev 31, 33 (1966).

We disagree with defendant's claim that the delayed appeal provisions of GCR 1963, 702.1(4) are inapplicable to appeals to circuit court from decisions of municipal agencies. We find that the trial court could have treated plaintiff's petition for appeal as a motion for delayed appeal. The general court rules appear to make no provision for appeals to circuit court from municipal agencies. Rules 701 through 706 govern appeals to circuit court. Rules 701 and 702 apply to appeals from probate and municipal courts. Rule 706 applies to appeals from state, not municipal, administrative bodies. Nowhere in those rules is there specific provision for appeals from municipal agencies.

However, an examination of relevant law convinces us that the failure by the drafters of the court rules to provide explicitly for appeals from municipal agencies does not preclude application of the delayed appeal provisions of rule 702 to appeals from municipal agencies. Both the Michigan Constitution and our statutes provide that parties shall have the substantive right to appeal from municipal civil service agencies to the circuit court. Const 1963, art 6, § 13; MCLA 38.514; MSA 5.3364.[1]

---

[1] Const 1963, art 6, § 13 provides a mandatory right of appeal to the circuit court from decisions of "inferior tribunals". An administrative agency is an "inferior tribunal" where a special statute makes its actions subject to review by a specific court. 4 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed) p 43. MCLA 38.514; MSA

Where the law provides the right to such an appeal, it should also provide a procedure for the appeal. Indeed, GCR 1963, 11 indicates the existence of a flexibility in the court rules which allows their application in this case. Rule 11.1 indicates that all civil practice in the circuit courts is governed by the rules. Thus the rules must govern every allowable civil appeal to the circuit court. Rules 701 through 706 are clearly appropriate to appeals from municipal agencies to circuit court and, as such, they are applicable to this case. Therefore, the trial court, pursuant to those rules, specifically to rule 702, could have properly dealt with this case as a delayed appeal.

Having decided that the trial court could have allowed plaintiff's untimely appeal, we must determine whether its refusal to hear the appeal was erroneous. Allowance of a delayed appeal is a matter of the trial court's discretion, *Lent v Dickinson,* 331 Mich 257; 49 NW2d 167 (1951), *Draper v Tooker,* 16 Mich 74 (1867). In applying for a delayed appeal, a movant must make "a showing by affidavit that the delay did not arise from the moving party's lack of diligence", GCR 1963, 702.3. We find that the trial court did not abuse its discretion. Plaintiff presented little evidence to justify his delay in seeking a rehearing and in filing his appeal. The only excuse which plaintiff offered was an unsubstantiated claim that additional time was required by him to obtain a "truth serum" test to counteract lie detector evidence which was introduced at his hearing.

Plaintiff could have filed his appeal within the 90-day time limit, then sought an extension in

5.3364, the statute under which plaintiff appealed to the circuit court makes the actions of municipal civil service agencies specifically subject to review by a circuit court.

order to obtain the additional information. He failed to follow this clearly available procedure and has not given to the trial court or this Court any justification for his failure.

Affirmed.

All concurred.