WARREN CONSOLIDATED SCHOOLS v EMPLOYMENT
RELATIONS COMMISSION

ADMINISTRATIVE LAW—EMPLOYMENT RELATIONS COMMISSION—DIS-
QUALIFICATION OF COMMISSIONER— COURT RULES.

A decision of the Michigan Employment Relations Commission
must be vacated where one of the commissioners who partici-
pated in the decision is a brother and former law partner of the
counsel for one of the parties to the dispute; the court rule
which provides for automatic disqualification of a judge should
be analogously applied whether the proceeding is judicial or
administrative (GCR 1963, 405.1[4]).

Appeal from Employment Relations Commis-
sion. Submitted January 7, 1976, at Detroit.
(Docket No. 22924.) Decided January 27, 1976.

Complaint by Warren Consolidated Schools
against the Warren Education Association charg-
ing unfair labor practices. The Michigan Employ-
ment Relations Commission ruled in favor of the
Warren Education Association, and plaintiff ap-
peals. Ruling vacated, and remanded.

*Butzel, Long, Gust, Klein & Van Zile* (by *Robert
M. Vercruysse* and *Richard U. Mosher),* for plain-
tiff.

*Levin, Levin, Garvett & Dill* (by *Erwin B. Ell-
mann* and *Daniel J. Hoekenga),* for Warren Educa-
tion Association.

*Frank J. Kelley,* Attorney General, *Robert A.*

REFERENCE FOR POINTS IN HEADNOTE
1 Am Jur 2d, Administrative Law §§ 63, 68.

*Derengoski,* Solicitor General, and *Francis W. Edwards,* Assistant Attorney General, for the Michigan Employment Relations Commission.

Before: J. H. GILLIS, P. J., and QUINN and R. E. NOBLE,* JJ.

QUINN, J. Plaintiff appeals from an adverse ruling by Michigan Employment Relations Commission (hereinafter MERC) in a proceeding instituted by plaintiff's complaint charging Warren Education Association with violation of MCLA 423.210(3)(c); MSA 17.455(10)(3)(c). Plaintiff states the first issue on appeal as:

1. Should the decision of the Michigan Employment Relations Commission be set aside for the reason that Commissioner William Ellmann, brother and former law partner of the attorney for the association, actively participated in the decision of this case in violation of acceptable standards of jurisprudence and in spite of appellant's request that he not participate in the case?

Our resolution of this first issue precludes consideration of the other two issues raised by this appeal.

If the proceedings here involved were judicial instead of administrative, there would be no question that Commissioner Ellmann was disqualified to participate in them, GCR 1963, 405.1(4). The object of this rule of absolute disqualification is more than a guarantee that a legal dispute will be resolved objectively by unbiased and impartial persons. It is also a shield against any suspicion on the part of the litigants and the public that any subjectivity, bias and partiality contributed to the outcome of the dispute. The thought behind such a

---

* Circuit judge, sitting on the Court of Appeals by assignment.

rule was best expressed by Justice Frankfurter in *Baker v Carr,* 369 US 186, 267; 82 S Ct 691, 737–738; 7 L Ed 2d 663, 714–715 (1962):

"The Court's authority—possessed of neither the purse nor the sword—ultimately rests on sustained public confidence in its moral sanction. Such feeling must be nourished by the Court's complete detachment, in fact and in appearance, * * * ."

We find attainment of what the rule seeks to accomplish impossible with brother arguing to brother whether the proceeding be judicial or administrative, and even where the only impropriety on the record is the fact that one brother participated in the decision of a controversy in which his brother was one of the advocates.

The decision of MERC is vacated and the cause is remanded without costs.