SCHWEIHOFER v ZACHARY

Docket No. 45601. Submitted October 21, 1980, at Detroit.—Decided
     February 18, 1981. Leave to appeal applied for.

Joseph Schweihofer filed a petition for a writ of mandamus with
     the St. Clair Circuit Court after receiving a negative recom-
     mendation by the St. Clair Township Planning Commission to
     the St. Clair Township Board of Zoning Appeals on an applica-
     tion submitted on behalf of himself and the Van Maele Rod
     and Gun Club to St. Clair Township for a permit to use certain
     land for a rod and gun club. Norman G. Zachary and Sue Ann
     Zachary, owners of the land adjacent to the land in question,
     were joined as intervening defendants, and the gun club was
     added by stipulation as coplaintiff. The circuit court voided the
     action of the planning commission and ordered the board to
     hold hearings and make a determination regarding the applica-
     tion. The township, unable to assemble a board, petitioned the
     court to accept jurisdiction and hear and decide all contested
     matters. The court held hearings and entered a judgment
     authorizing the requested land use. Intervening defendants
     appealed, and the Court of Appeals reversed and remanded the
     case on the ground that the circuit court improperly assumed
     the function of the board. The circuit court subsequently or-
     dered the board to convene and consider the application and
     render a written decision. Following hearings, the board filed
     its findings with the circuit court but failed to approve or deny
     the application. Plaintiffs filed a supplemental complaint, re-
     questing remand to the board for resolution. The circuit court
     so ordered, and, following hearings, the board approved the
     application and issued a special use permit. Intervening defen-
     dants moved to set aside the board's action on the ground that
     the circuit court's remand was improper, that the remand

REFERENCES FOR POINTS IN HEADNOTES
[1] 4 Am Jur 2d, Appeal and Error § 292 et seq.
[2] 4 Am Jur 2d, Appeal and Error § 495.
[3] 1 Am Jur 2d, Administrative Law § 63 et seq.
     46 Am Jur 2d, Judges § 140 et seq.
     82 Am Jur 2d, Zoning and Planning § 65.

should properly have been made to the planning commission, that, since there was no written recommendation for approval by the planning commission to the board, the board's action was improper, that certain board members were disqualified, and that plaintiffs did not meet the standards embodied in the applicable township zoning ordinance. The circuit court denied intervening defendants' motion, Ernest F. Oppliger, J. Intervening defendants appeal. *Held:*

1. The record indicates that a written recommendation by the planning commission had been forwarded to the board prior to remand. Thus, the board properly acted on plaintiffs' application.

2. The circuit court properly ordered the board to make a final decision on plaintiffs' application after the board's failure to so decide. Although the court did not expressly retain jurisdiction in its order to the board for further proceedings following remand, it possessed the power to ensure action on the application.

3. The record supports the circuit court's finding that no actual bias was occasioned by the consanguinal relationship of plaintiff Joseph Schweihofer and board member Fred Schweihofer.

4. Board members Harold Decker and Fred Schweihofer validly held office.

5. The record indicates that the board did not abuse its discretion in determining plaintiffs' compliance with the pertinent zoning ordinance, in granting the special use permit, and in imposing special restrictions on land use.

6. The board did not err in refusing to consider a particular ordinance before approving the special use permit since, by the terms of the ordinance, the board had no authority to enforce the ordinance.

Affirmed.

1. APPEAL — CIRCUIT COURTS — TIME FOR TAKING APPEAL — COURT RULES.

An appeal of right to the circuit court from a final decision of a lower tribunal must be taken within 20 days after the entry of the decision (GCR 1963, 701.2[a]).

2. APPEAL — PRESUMPTION OF JURISDICTION — STANDARD OF REVIEW.

A presumption which supports jurisdiction for judicial action exists on appeal; however, jurisdiction is not to be presumed in the absence of facts and a record which establishes it.

3. JUDGES — DISQUALIFICATION OF JUDGES — TOWNSHIP BOARDS OF
   ZONING APPEALS — DEGREES OF CONSANGUINITY OR AFFINITY TO
   ATTORNEYS AND PARTIES — COURT RULES.

   A judge is disqualified when he cannot impartially hear a case,
   including a proceeding where he is within the third degree of
   consanguinity or affinity to a person acting as an attorney in
   the case or within the sixth degree of consanguinity or affinity
   to a party in the case, but such disqualification does not apply
   to members of township boards of zoning appeals (GCR 1963,
   912.2[5]).

*Bush, Luce, Henderson & Bankson,* for plaintiff.

*Schlussel, Lifton, Simon, Rands, Kaufman, Lesinski & Jackier* (by *T. John Lesinski* and *Douglas E. Busbey*), for defendants Norman G. Zachary and Sue Ann Zachary.

Before: DANHOF, C.J., and M. J. KELLY and D. L. SULLIVAN,* JJ.

PER CURIAM. This appeal concerns an application for a special use permit to allow a trap-shooting range to be constructed on approximately 53 acres of land originally owned by plaintiff Schweihofer and now belonging to plaintiff Van Maele Rod and Gun Club. The numerous issues raised by the parties will be considered *seriatim.*

I

Intervening defendants argue that the trial court erred in not referring this matter to the township planning commission for the purpose of providing the Board of Zoning Appeals with a written recommendation. The applicable St. Clair Township zoning ordinance allows the Board of Zoning Appeals to permit the use of land for gun club operation only after several conditions are

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

met. Ord. No. 8, § 7.03, 2, b. The board may only act on such matters "after a written recommendation is prepared and filed" with the board by the township planning commission. Ord. No. 8, § 16.06b. After the initial planning commission meeting held on June 9, 1975, the application was referred to the Board of Zoning Appeals without recommendation.[1] Later, on August 11, 1975, the commission amended the minutes of its prior meeting so as to reflect an affirmative recommendation to the board.[2] Appellants appear to ignore this amendment by claiming that the Board of Zoning Appeals acted without written recommendation. That is simply not accurate. The recommendation of August 11, 1975, was never set aside, revoked, or effectively superseded.

On September 8, 1975, the planning commission again considered the matter and suggested a denial of the application, directly contrary to its prior written recommendation. That action trig-

[1] The June 9, 1975, Planning Commission meeting minutes subscribed by the secretary on June 11, 1975, included the following:

"Motion by Mr. Likens that the application by Mr. Salriatore *[sic]* president of the Van Meale *[sic]* Rod & Gun Club be forwarded to the Board of Zoning Appeals for action as provided in Zoning Ordinance § 7.03, 2, b and that a notice of the Board of Zoning Appeals hearing be published in a local newspaper."

[2] The minutes of the August 11, 1975, Planning Commission meeting regarding this item are quoted in full:

"Minutes of July 14, 1975 meeting were read. Item #1 of those minutes concerned minutes of the June 9, 1975 meeting to which the following correction was to have been made: " '6—Mr. Hal Hoover requested approval of plans for location of a proposed gun club and private access road on properties Q436 and Q437. Mr. Hoover, Mr. Joseph Schweihoffer *[sic]* and Mr. John Salriatare *[sic]* displayed a drawing of the proposed club facility. Motion by Mr. Likens that the application by Mr. Salriatare *[sic]*, president of the Van Meale *[sic]* Rod and Gun Club be forwarded and recommended for adoption by the Board of Zoning Appeals as provided for in Zoning Ordinance, § 703, 2, b and that a notice of the Board of Zoning Appeals hearing be published in a local newspaper. Seconded by Mr. Skonieczny. Ayes: Barshaw, DeWald, Eisen, Godwin, Haas, Likens, Skonieczny and Tabor. Nays: None. Motion Carried.' "

gered this lawsuit. The plaintiffs filed suit in the St. Clair County Circuit Court and secured an order setting aside the negative recommendation of the planning commission. Thereafter, that court issued another order compelling the special use permit to be granted by the Board of Zoning Appeals. On August 11, 1977, in an unpublished per curiam opinion, this Court reversed the lower court's decision and remanded the matter for further proceedings. On remand, the trial court did not compel additional review by the planning commission but simply referred the matter to the Board of Zoning Appeals. Intervening defendants assail that action on the ground that there was no written recommendation upon which the board could then act. We do not agree. Review of the record indicates that an existing written recommendation was previously forwarded by the planning commission. At its regularly-conducted meeting held on June 9, 1975, the planning commission referred the matter to the Board of Zoning Appeals. Recognizing its failure to adopt a decisive position, the planning commission amended the June 9, 1975, minutes to reflect an affirmative recommendation to the board. It is entirely consistent with this Court's prior disposition of the matter to conclude that the written-recommendation requirement had been met. In our earlier opinion, we noted that the trial court "could have required the board of zoning appeals to make a decision on the application". Therefore, it was not improper for the township Board of Zoning Appeals to act on the application upon remand. No error requiring reversal occurred in referring the matter to the board.

## II

The second issue raised on appeal is the pro-

priety of the lower court's action upon remand. Subsequent to this Court's decision, the trial judge ordered the Board of Zoning Appeals to conduct public hearings on the matter, which were held. Subsequent to the hearings, the board filed its written findings on January 23, 1978. On February 16, 1978, plaintiffs filed a supplemental complaint and a motion for an order to show cause, alleging that the board had failed to vote in finality on the application. Intervening defendants contend that the lower court improperly acted on the pleadings since they allegedly constituted an untimely appeal from the board's decision. In support of their position, intervening defendants cite *Villa v Fraser Civil Service Comm,* 57 Mich App 754; 226 NW2d 718 (1975). The Court in *Villa* found that GCR 1963, 701-706 provide the appropriate procedure for "appeals from municipal agencies to circuit court". *Id.,* 759.

Reference to GCR 1963, 701.2(a) indicates that the appropriate time for taking an appeal is within 20 days after the entry of the final decision appealed from. Classification of the proceedings below as an appeal would render the action invalid. However, construing the proceedings as an appeal would exalt form over substance. Although the trial court did not expressly retain jurisdiction in its order for further proceedings, it possessed the power to ensure action on the application. By the terms of that order, the board was to issue a written decision and transmit the same forthwith to the parties and to the Court. While jurisdiction is not to be presumed in the absence of facts and a record which establishes it, *Gould v Jacobson,* 58 Mich 288; 25 NW 194 (1885), a presumption exists which supports judicial action. *Lymburner v Jenkinson,* 50 Mich 488; 15 NW 562 (1883). The func-

tion of the trial court cannot be said to have exceeded its jurisdictional scope. *Cf. Kenny v Village of Novi,* 377 Mich 476; 141 NW2d 56 (1966).

## III

In their third issue, appellants contest the qualifications of board members Schweihofer and Decker with regard to their votes on the application. Appellants claim that member Schweihofer was legally precluded from voting since he was related to the petitioner, that member Schweihofer exhibited actual bias in the proceedings, and that members Schweihofer and Decker took no oath upon commencement of their term of office.

Board member Fred Schweihofer and plaintiff Joseph Schweihofer are related in the third degree of consanguinity; Fred Schweihofer is the plaintiff's uncle. Review of the record indicates that, after extensive deliberation, Fred Schweihofer concluded that he was able to render an impartial and unbiased decision on the matter. His blood relationship does not invoke the judicial-disqualification criteria of GCR 1963, 912.2(5), formerly GCR 1963, 405.1(4). Our review of the record finds no support for intervening defendants-appellants' claims that suspicions are cast on the part of the litigants and the public that subjectivity, bias, and partiality contributed to the outcome of the dispute. *Warren Consolidated Schools v Employment Relations Comm,* 67 Mich App 58; 240 NW2d 265 (1976). The lower court's finding that there existed no basis for the allegation of actual bias is supported by the record.

Intervening defendants' contention regarding the validity of office held by members Decker and Schweihofer is not well taken. The affidavit of the St. Clair Township Clerk refutes this contention with regard to member Decker. The oath of office

certificate executed by member Schweihofer on September 3, 1975, validated his activity at all times pertinent. MCL 168.362; MSA 6.1362.

IV

Appellants' claim of inadequate compliance with the requirements of the township zoning ordinance is without foundation. In the original proceedings on this matter, all parties agreed that the 66-foot wide easement satisfactorily complied with the ordinance requirement. The 120-foot width requirement, referred to by intervening defendants, was removed from the ordinance prior to the filing of the present application. The record clearly indicates that access to the parcels was afforded "directly from a public road" and therefore complied with the township ordinance. Finally, Ord. No. 8, § 16.08, authorizes the board to impose additional "conditions or limitations" as deemed necessary. Review of the board action below leads us to conclude that there was no abuse of discretion in granting the special use permit and imposing the special restrictions on such use. *Quigley v Dexter Twp*, 390 Mich 707, 710; 213 NW2d 166 (1973).

V

Appellants' claim with regard to Ord. No. 33 is not well taken. By the terms of that ordinance, the Board of Zoning Appeals had no authority to enforce it. Therefore, refusal of the board to consider that ordinance when approving the special use permit was not error. Ord. No. 33 may be enforceable against the plaintiff gun club in subsequent proceedings instituted by the person charged with its enforcement, the township supervisor. A grant of the special use permit by the Board of Zoning Appeals was not improper.

Affirmed.