SCHLEGA v DETROIT BOARD OF ZONING APPEALS

Docket No. 76145. Submitted July 2, 1985, at Detroit.—Decided September 10, 1985.

Valentin Schlega applied to the City of Detroit's Building and Engineering Department for a building and occupancy permit to establish a "second-hand store". The permit was denied. Schlega appealed to the Detroit Board of Zoning Appeals, which upheld the denial of the permit. Schlega then filed a petition for review in accordance with the Michigan Administrative Procedures Act (APA) in Wayne Circuit Court, naming the Detroit Board of Zoning Appeals as "defendant". The board filed a motion to dismiss the petition for review on the ground that the APA does not apply to decisions of the board and that Schlega had not filed a timely claim of appeal as required by the court rules. The court, Claudia Morcom, J., granted accelerated judgment in favor of the board. Schlega appealed. *Held:*

1. Schlega's argument that the 60-day filing requirement found in the APA is applicable to appeals from decisions of the Detroit Zoning Board of Appeals is without merit. The APA applies only to state departments, bureaus, divisions, boards or commissions, not to municipal administrative agencies. The procedures for perfecting an appeal from a municipal zoning board are set out in the General Court Rules. The trial court did not err in ruling that Schlega's appeal was untimely.

2. Schlega's argument that, even if he did use the incorrect appeal procedure, the court should not have dismissed his appeal because the board suffered no prejudice due to the late appeal is also without merit. No delayed application for leave to appeal in accordance with the court rules was filed in the circuit court, therefore the court had no jurisdiction to hear the

REFERENCES

Am Jur 2d, Administrative Law §§ 201 *et seq.*

Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions §§ 337 *et seq.*

Am Jur 2d, Zoning and Planning §§ 322 *et seq.*

Standing of zoning board of appeals or similar body to appeal reversal of its decision. 13 ALR4th 1130.

appeal and the claim of no prejudice cannot now be reviewed by the Court of Appeals.

Affirmed.

1. ADMINISTRATIVE LAW — MUNICIPAL AGENCIES — ADMINISTRATIVE PROCEDURES ACT.

The Administrative Procedures Act does not apply to municipal administrative agencies (MCL 24.201 *et seq.;* MSA 3.560[101] *et seq.).*

2. ZONING — APPEAL — MUNICIPAL ZONING BOARDS — COURT RULES.

The procedures for perfecting an appeal from a municipal zoning board are set out in the General Court Rules (GCR 1963, 701-706).

3. ZONING — APPEAL — MUNICIPAL ZONING BOARDS — CIRCUIT COURT — JURISDICTION.

The failure to file a timely claim of appeal from a decision of a municipal zoning board deprives the circuit court of jurisdiction to hear the appeal.

*Daria N. Schlega,* for plaintiff.

*Donald Pailen,* Corporation Counsel, *Abigail Elias,* Deputy Corporation Counsel, and *Joseph N. Baltimore* and *Toni S. Wingate,* Assistants Corporation Counsel, for defendant.

Before: BEASLEY, P.J., and J. H. GILLIS and M. J. KELLY, JJ.

PER CURIAM. Valentin Schlega (hereinafter referred to as plaintiff) appeals as of right from an accelerated judgment dismissing his appeal under the Administrative Procedures Act of 1969, MCL 24.201 *et seq.;* MSA 3.560(101) *et seq.,* from a decision of the Detroit Board of Zoning Appeals. The court ruled that plaintiff's appeal was untimely because the claim of appeal had not been filed by the plaintiff within 20 days after entry of the order by the board, as required under the General Court Rules. GCR 1963, 701-706 (now MCR 7.101-7.105). The court rejected plaintiff's

argument that the 60-day filing requirement found in the Administrative Procedures Act (APA) was applicable to appeals from decisions by the Detroit Zoning Board of Appeals. We affirm.

The plaintiff's argument is without merit. Plaintiff incorrectly assumes that the Detroit Zoning Board of Appeals is a state administrative agency. In fact, the board is a municipal administrative agency and the terms of the APA simply do not apply. *Detroit v General Foods Corp*, 39 Mich App 180, 185-186; 197 NW2d 315 (1972); *Villa v Fraser Civil Service Comm*, 57 Mich App 754, 757-758; 226 NW2d 718 (1975). The title of the APA clearly refers only to *state* departments, bureaus, divisions, boards or commissions, MCL 24.203(2); MSA 3.560(103)(2); *Hanselman v Wayne County Concealed Weapon Licensing Bd.* 419 Mich 168; 351 NW2d 544 (1984), and the fact that a local board is authorized by a state statute does not make that board a state board for purposes of the APA.

Therefore, the procedures for perfecting an appeal from a municipal zoning board are set out in the General Court Rules. In *Villa v Fraser Civil Service Comm, supra,* this Court discussed the issue of the proper appeal procedure from a municipal administrative agency and concluded:

"Where the law provides the right to such an appeal, it should also provide a procedure for the appeal. Indeed, GCR 1963, 11 indicates the existence of a flexibility in the court rules which allows their application in this case. Rule 11.1 indicates that all civil practice in the circuit courts is governed by the rules. Thus the rules must govern every allowable civil appeal to the circuit court. Rules 701 through 706 are clearly appropriate to appeals from municipal agencies to circuit court and, as such, they are applicable to this case." *Id.,* p 759.

The trial court did not err when it ruled that

plaintiff's appeal was untimely. Under GCR 1963, 701, plaintiff was required to file a claim of appeal within 20 days after the board's decision. Because the plaintiff failed to do so in this case, the trial court properly dismissed his appeal.

Plaintiff argues that, even if he did use the incorrect appeal procedure, the court should not have dismissed his appeal because the board suffered no prejudice due to the late appeal. Plaintiff's argument is without merit. The failure to file a timely claim of appeal deprives the circuit court of jurisdiction to hear the appeal. *Shippey v Madison District Public Schools,* 55 Mich App 663, 667; 223 NW2d 116 (1974). Plaintiff should have filed a delayed application for leave to appeal. GCR 1963, 701.1(c). Had a delayed application been made, the decision of whether to hear the appeal would have been discretionary with the trial court. However, because no such application was made, plaintiff's claim of no prejudice cannot be reviewed by this Court.

Affirmed.