# STATE OF MICHIGAN

# COURT OF APPEALS

---

JUDITH REYNOLDS,

        Plaintiff-Appellee,

v

HURON CHARTER TOWNSHIP,

        Defendant-Appellant.

UNPUBLISHED
July 12, 2016

No. 326532
Wayne Circuit Court
LC No. 14-010803-AV

---

Before: JANSEN, P.J., and FORT HOOD and BOONSTRA, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] the order reversing the decision of its Zoning Board of Appeals (ZBA), which rejected plaintiff's challenge to the Planning Commission's decision permitting the Willow Methodist Church (the church) to erect an outdoor electronic sign. We reverse.

This case arises from a decision of defendant's ZBA, which upheld the decision of defendant's Planning Commission permitting the erection of an electronic sign pursuant to 11 conditions. Defendant argues that the circuit court improperly ruled that plaintiff's appeal was timely and that defendant was estopped from challenging the timeliness of plaintiff's appeal. We agree and conclude that the circuit court lacked jurisdiction over the case because plaintiff failed to file her claim of appeal within 21 days after the March 10, 2014 meeting minutes were approved on May 12, 2014.

The issue whether the circuit court has subject-matter jurisdiction over a case is reviewed de novo. *Summer v Southfield Bd of Ed*, 310 Mich App 660, 667; 874 NW2d 150 (2015). MCL 125.3606(3) provides:

> An appeal from a decision of a zoning board of appeals shall be filed within whichever of the following deadlines comes first:

---

[1] *Reynolds v Huron Charter Twp*, unpublished order of the Court of Appeals, entered August 27, 2015 (Docket No. 326532).

(a) Thirty days after the zoning board of appeals issues its decision in writing signed by the chairperson, if there is a chairperson, or signed by the members of the zoning board of appeals, if there is no chairperson.

(b) Twenty-one days after the zoning board of appeals approves the minutes of its decision.

"The failure to file a timely claim of appeal deprives the circuit court of jurisdiction to hear the appeal." *Schlega v Detroit Bd of Zoning Appeals*, 147 Mich App 79, 82; 382 NW2d 737 (1985). See also MCR 7.104(A) (noting that "[t]he time limit for an appeal of right [in the circuit court] is jurisdictional"); MCR 7.122(A)(1) (explaining that MCR 7.101 through MCR 7.115 apply to zoning ordinance determinations unless MCR 7.122 provides otherwise).

MCR 7.122 governs appeals to the circuit court from zoning ordinance determinations by a zoning board of appeals. MCR 7.122(A). MCR 7.122(A)(3) provides that an appeal under MCR 7.122 is an appeal as of right. MCR 7.122(B) provides, in part, that "[a]n appeal under this rule must be filed within the time prescribed by the statute applicable to the appeal." MCR 7.111(C)(4) provides that "[t]he appellant must attach to the claim of appeal a copy of the order and/or minutes of the officer or entity from which the appeal is taken or must indicate that there is no such document to attach."

The ZBA meeting corresponding with its decision took place on March 10, 2014. The meeting minutes from the March 10, 2014 ZBA meeting were approved on May 12, 2014. The May 12, 2014 meeting minutes were approved on August 11, 2014. The circuit court concluded in its opinion and order that plaintiff's appeal to the circuit court was timely filed and that defendant was estopped from claiming that the appeal was not timely filed because it deliberately delayed the release of the certified minutes to plaintiff. The court pointed out that defendant forced plaintiff to file a Freedom of Information Act (FOIA) request to obtain an official, certified copy of the meeting minutes, and the May 12, 2014 meeting minutes were not certified until August 11, 2014.

We conclude that the circuit court lacked jurisdiction over the case because plaintiff failed to file her claim of appeal in the circuit court within the statutory time frame. The parties do not dispute the fact that the ZBA meeting took place on March 10, 2014, and that the meeting minutes from the March 10, 2014 meeting were approved on May 12, 2014. In addition, the ZBA record contains no decision in writing signed by the chairperson or the members of the ZBA. Therefore, plaintiff was required to file her claim of appeal within 21 days after the ZBA approved the March 10, 2014 meeting minutes on May 12, 2014. Plaintiff filed a claim of appeal in the circuit court on August 20, 2014, which was well after the 21 days expired. Accordingly, plaintiff failed to timely file her claim of appeal in violation of MCL 125.3606(3).

Plaintiff contends that defendant deliberately delayed the release of the certified meeting minutes until August 12, 2014. However, the statute does not require that a plaintiff be provided with a copy of the official meeting minutes in order to file a claim of appeal. Instead, the period to file a claim of appeal begins to run when the ZBA approves the minutes of its decision, regardless of whether the plaintiff has a copy of the minutes. See MCL 125.3606(3)(b). Furthermore, the applicable court rule only requires that the appellant attach a copy of the

relevant meeting minutes to her claim of appeal, and does not require that the copy of the minutes attached to the claim of appeal be certified or signed. See MCR 7.122(C)(4). The parties do not dispute the fact that plaintiff had an unofficial copy of the March 10, 2014 meeting minutes before the time to file her claim of appeal expired. Therefore, plaintiff's argument that defendant deliberately delayed the release of the official meeting minutes is without merit because plaintiff had the document she needed to file her claim of appeal within the applicable time frame, and plaintiff did not need an official copy of the minutes in order to file her claim of appeal. See *id*. Accordingly, the circuit court erred in concluding that defendant deliberately delayed the release of any document necessary to plaintiff's appeal and in concluding that this fact was dispositive on the issue of jurisdiction.

Plaintiff contends that she had the ability to file a late application for leave to appeal under MCR 7.105(G) and that the circuit court preserved judicial economy by considering her appeal as a late appeal and employing judicial estoppel, rather than requiring plaintiff to refile her appeal. MCR 7.105(G) provides, in relevant part:

(1) When an appeal of right or an application for leave was not timely filed, the appellant may file an application as prescribed under subrule (B) accompanied by a statement of facts explaining the delay. The answer may challenge the claimed reasons for the delay. The circuit court may consider the length of and the reasons for the delay in deciding whether to grant the application.

(2) A late application may not be filed more than 6 months after entry of:

(a) the order, judgment, or decision appealed[.]

There is no indication in the record that the circuit court considered plaintiff's claim of appeal as a late application for leave to appeal or that it employed judicial estoppel in order to preserve judicial economy and prevent plaintiff from having to refile her appeal. Instead, the court concluded that plaintiff timely filed her appeal on August 20, 2014, and concluded that defendant was estopped from claiming otherwise since it deliberately delayed the release of the certified minutes to plaintiff. MCR 7.103(B)(2) provides that the circuit court may grant leave to appeal from "a final order or decision of an agency from which an appeal by leave to the circuit court is provided by law[.]" MCR 7.103(B)(4) provides that the circuit court may grant leave to appeal from "a final order or decision of an agency if an appeal of right was not timely filed and a statute authorizes a late appeal[.]" The applicable statute does not authorize an appeal by leave granted or a late appeal. See MCL 125.3606(3). Accordingly, plaintiff's argument fails. See MCR 7.105(G).

Plaintiff did not timely file her claim of appeal. The circuit court erred in concluding that defendant was estopped from claiming the appeal was not timely filed because there is no indication that defendant deliberately delayed the release of any documents to plaintiff that were necessary to her appeal, and, even if plaintiff did not obtain a certified copy of March 10, 2014 meeting minutes or an unofficial or certified copy of the May 12, 2014 meeting minutes until after the time to file her claim of appeal expired, the court rule only required that plaintiff attached an unofficial copy of the March 10, 2014 meeting minutes to her claim of appeal.

-3-

Accordingly, plaintiff failed to timely file her claim of appeal in the circuit court, and the court lacked jurisdiction over her appeal. See MCL 125.3606(3)(b); MCR 7.104(A). Because we conclude that the circuit court lacked jurisdiction over plaintiff's appeal, we need not address defendant's remaining arguments on appeal.

Reversed.

/s/ Kathleen Jansen
/s/ Karen M. Fort Hood
/s/ Mark T. Boonstra