# Order

**Michigan Supreme Court**
**Lansing, Michigan**

January 12, 2007

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

129689

DONNA KROON-HARRIS,
        Plaintiff-Appellee,

v

STATE OF MICHIGAN,
        Defendant-Appellant.

SC: 129689
COA: 261146
Court of Claims: 04-000078-MK

_____/

On November 1, 2006, the Court heard oral argument on the application for leave to appeal the July 14, 2005 judgment of the Court of Appeals. On order of the Court, the application is again considered. MCR 7.302(G)(1). In lieu of granting leave to appeal, we REVERSE the judgment of the Court of Appeals and REINSTATE the order of the Court of Claims that dismissed plaintiff's complaint with prejudice. The long-term disability policy was provided by a group insurance plan approved by the Civil Service Commission. Pursuant to the terms of Civil Service Regulation 5.18, if the plaintiff felt aggrieved by a decision of an administrator of a group insurance plan, she was required to complain under the exclusive procedure set forth in that regulation. Her failure to exhaust administrative remedies precludes the possibility of relief outside the promulgated procedure. Further, any appeal from the Civil Service Commission lies in the appropriate circuit court, not the Court of Claims. Const 1963, art 6, § 28; *Viculin v Department of Civil Service*, 386 Mich 375, 385 (1971).

CAVANAGH, J., would deny leave to appeal.

WEAVER, J., dissents and states as follows:

I dissent and would not peremptorily reverse because I would grant leave to appeal.

KELLY, J., dissents and states as follows:

I dissent from the decision to reverse the judgment of the Court of Appeals by order. In so deciding, the majority relies on an issue that was not raised or addressed by

the parties in any court. Moreover, the majority's conclusory statements regarding jurisdiction do not answer the central question of why this case does not involve a matter of contract. Rather than act peremptorily, I would grant leave to appeal.

Plaintiff worked as a secretary for the Department of Natural Resources. She was enrolled in a long-term disability and income protection plan (LTD plan). She received LTD-plan benefits from 2001 to May 2003, when the defendant discontinued her benefits. Defendant contended that plaintiff had failed to demonstrate that she could no longer perform any reasonable occupation for which she could become qualified. Plaintiff filed suit in the Court of Claims, arguing that she had a contractual right to the benefits. Defendant contended that this case did not involve a contractual right, and, as such, the Court of Claims did not have jurisdiction. The Court of Appeals ruled in favor of plaintiff. And it was this issue that the parties brought to the Supreme Court.

But it is not this issue that the majority has addressed. Instead, it has decided the case on the basis of plaintiff's alleged failure to exhaust her administrative remedies. This issue was not raised by defendant in this Court. In fact, it was not raised in or addressed by any court. It is unfair to plaintiff for the majority to sua sponte decide that this issue is controlling. At the very least, plaintiff should get a chance to respond. Also, the Court needs to decide why the issue was not waived, or at least forfeited, by defendant's failure to raise it below. Instead of going off on this tangent, we should grant leave to appeal to allow the parties to address this issue.

In its final sentence, the majority's order alludes to the issue actually discussed by the parties. Without any real connection to the rest of the order, the final sentence concludes that the circuit court was the appropriate venue for this case, rather than the Court of Claims. Absent from the order is any mention of the question whether plaintiff's LTD benefits are contractual. If this case is a contractual dispute, it is now undisputed that the Court of Claims would have jurisdiction. This question remains open and needs to be answered.

Because the majority's order leaves fundamental questions unanswered, it is inadequate. I would grant leave to appeal and order the parties to address whether the dispute is contractual, whether plaintiff exhausted her administrative remedies, and, if not, whether defendant waived the issue.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

January 12, 2007

*Corbin R. Davis*

Clerk

d0109