# Order

**Michigan Supreme Court**
**Lansing, Michigan**

December 20, 2012

143627

DEBRA ILE, as Personal Representative of
the ESTATE OF DARRYL ILE, and
DEBRA ILE, individually and on behalf of
themselves and all others similarly situated,
      Plaintiffs-Appellees,

v

FOREMOST INSURANCE COMPANY,
      Defendant-Appellant.

_____/

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Marilyn Kelly
Stephen J. Markman
Diane M. Hathaway
Mary Beth Kelly
Brian K. Zahra,
Justices

SC: 143627
COA: 295685
Wayne CC: 09-010741-CK

      On order of the Court, leave to appeal having been granted and the briefs and oral arguments of the parties having been considered by the Court, we REVERSE the July 14, 2011 judgment of the Court of Appeals and we REMAND this case to the Wayne Circuit Court for entry of summary disposition in favor of the defendant. The Court of Appeals erroneously concluded that the underinsured motorist coverage in the insurance policy issued by the defendant to Darryl Ile was illusory because Ile could reasonably believe that his insurance premium payment included some charge for underinsurance when there are no circumstances in which Ile could recover underinsured motorist benefits given the policy limits Ile selected. We have expressly rejected the notion that the perceived expectations of a party may override the clear language of a contract.[1]

      Moreover, when read as a whole, the clear language of the policy provides for combined uninsured and underinsured motorist coverage that, as promised, would have operated to supplement any recovery by Ile to ensure that he received a total recovery of up to $20,000/$40,000 (the policy limit) had the other vehicle involved in the crash been either uninsured or insured in an amount less than $20,000/$40,000. That such coverage would, under the terms of the policy, always be labeled "uninsured," as opposed to "underinsured," does not make the policy illusory.

---

[1] *Wilkie v Auto-Owners Ins Co*, 469 Mich 41 (2003).

MARILYN KELLY, J. (*dissenting*).

I dissent from the majority's order reversing the judgment of the Court of Appeals and remanding the case to the trial court for entry of summary disposition in favor of defendant. This case, like others, is rife with issues that warrant a more detailed analysis than the majority's order provides.[2]

For instance, the order states that "when read as a whole, the clear language of the policy provides for combined uninsured and underinsured motorist coverage . . . ." Accordingly, it holds that the policy is not illusory. It is unclear what policy language the majority relies on to reach this conclusion. Similarly, the order does not discuss the policy's reduction clause, which prohibits a policy holder from recovering more than the $20,000/$40,000 uninsured/underinsured limits. As a consequence, the reader is left without an understanding of how those limits apply to this case and whether plaintiff has in fact been made whole under the policy. Furthermore, it is uncertain from the order why summary disposition in favor of defendant is appropriate. Simply because the majority disavows the doctrine of reasonable expectations[3] and holds that the policy is not illusory does not automatically entitle defendant to relief.

In sum, I would not dispose of this case by order. The parties deserve a more thorough explanation of the majority's decision.

CAVANAGH, J., joins the statement of MARILYN KELLY, J.

HATHAWAY J., (*dissenting*).

I believe that the Court of Appeals majority reached the correct result. Accordingly, I would affirm the judgment of the Court of Appeals.

---

[2] See, e.g., *Kroon-Harris v Michigan*, 477 Mich 988, 989 (2007) (MARILYN KELLY, J., dissenting) ("Because the majority's order leaves fundamental questions unanswered, it is inadequate.").

[3] For a thorough discussion of the doctrine of reasonable expectations, see *Wilkie v Auto-Owners Ins Co*, 469 Mich 41, 65-70 (2003) (CAVANAGH, J., dissenting).



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

December 20, 2012

_____
Clerk

t1220